IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**OSCAR MARQUEZ,**

        **Petitioner,**

v.

**USA,**[1]

        **Respondent.**

Case No. 3:24-CV-01218-NJR

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

    This matter is before the Court on Petitioner Oscar Marquez's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Marquez is currently incarcerated at the Federal Correctional Institution in Marion, Illinois ("FCI Marion"). In his Petition, Marquez attempts to challenge the validity of his conviction, which occurred in the United States District Court for the District of Oregon. *See United States v. Oscar Adrian Marquez,* 3:19-CR-00356-MO-1.[2] Specifically, Marquez argues that the trial court lacked jurisdiction over his criminal case, which renders his criminal conviction and sentence invalid.

    Now, the Court must conduct a preliminary review of the Petition. Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the

---

[1] For habeas petitions filed under § 2241, a petitioner's immediate custodian is the appropriate respondent. *See Kholyavskiy v. Achim*, 443 F.3d 946, 949 (7th Cir. 2006). Here, the current warden of FCI Marion is Marquez's immediate custodian and is the proper respondent in this action, not the United States of America.

[2] The Court takes judicial notice of Marquez's underlying criminal docket from the United States District Court for the District of Oregon.

judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) gives this Court the authority to apply the rules to other habeas corpus cases.

## BACKGROUND

In August 2019, Marquez was indicted in the District of Oregon for Interstate Violation of a Protection Order in violation of 18 U.S.C. § 2262(a)(1). *United States v. Oscar Adrian Marquez*, 3:19-CR-00356-MO-1 at Doc. 8. A grand jury also returned two superseding indictments against Marquez resulting in charges of Cyberstalking and Stalking in violation of 18 U.S.C. § 2261A(1)&(2), and two additional charges for Interstate Violation of a Protection Order in violation of 18 U.S.C. § 2262(a)(1). *Id.* at Docs. 46, 99. On November 13, 2020, a jury convicted Marquez on all counts of the second superseding indictment. *Id.* at Doc. 162. Almost six months later, the trial court sentenced Marquez to a 120-month term of imprisonment to be followed by three years of supervised release. *Id.* at Doc. 207. Marquez appealed the judgment, but the Ninth Circuit affirmed. *Id.* at Docs. 215, 257, 265. Following his appeal, in August 2024, Marquez filed a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, which is still pending before the sentencing court. *Id.* at Docs. 270-273.

About a year before filing the pending Petition, Marquez filed another habeas corpus petition under 28 U.S.C. § 2241 within this District to likewise challenge his sentencing court's jurisdiction and the validity of his conviction. *See Oscar Marquez v. Warden,* 3:23-CV-01975-SMY (S.D. Ill. June 9, 2023). That petition was dismissed on preliminary review. *Id.* at Doc. 7. Marquez appealed the dismissal, and the Seventh Circuit affirmed. *Id.* at Docs. 13, 16, 26.

## LEGAL STANDARD

Generally, to collaterally attack a conviction or sentence, a federal prisoner must file a motion to vacate under 28 U.S.C. § 2255, not a petition for writ of habeas corpus under

28 U.S.C. § 2241. *Hogsett v. Lillard*, 72 F. 4th 819, 820 (7th Cir. 2023). Within the saving clause of § 2255(e), an application for writ of habeas corpus may be brought by a federal prisoner when the remedy by a § 2255 motion is inadequate or ineffective to test the legality of his detention. *Id.* at 821; 28 U.S.C. § 2255(e). In *Jones v. Hendrix*, the Supreme Court explained that "the saving clause preserves recourse to § 2241 in cases where unusual circumstances make it impossible or impracticable to seek relief in the sentencing court, as well as for challenges to detention other than collateral attacks on a sentence." 599 U.S. 465, 478 (2023). The *Jones* Court held that the § 2255 remedy is not inadequate or ineffective merely due to a court's previous error in applying the law. *Id.* at 480.

## DISCUSSION

Marquez's arguments mirror those raised in his previously filed habeas petition within this District. Again, that prior petition was dismissed, and the Seventh Circuit affirmed the dismissal. Nevertheless, Marquez persists in his claim that the officer who filed the federal complaint against him lacked Article III standing to do so, which deprived the trial court of jurisdiction. (Doc. 1). But Marquez will not receive a different answer from this Court—he cannot use § 2241 to collaterally attack his conviction, challenge his sentence, or address a legal error by the sentencing court. The saving clause in § 2255(e) does not provide Marquez with an avenue to recourse through § 2241, because § 2255(a) expressly allows an applicant to argue that the sentencing court lacked jurisdiction (which appears to be Marquez's primary argument). *See* 28 U.S.C. § 2255(a). Thus, the remedy by a § 2255 motion is adequate and effective to address Marquez's claims.[3] Indeed, Marquez filed a § 2255

---

[3] Marquez also filed a Motion to Supplement his Petition. (Doc. 7). In the motion, Marquez attempts to argue that the remedy under § 2255 is inadequate and ineffective. But his motion primarily repeats the arguments in his Petition and incorrectly lists the limitations on the remedies available under § 2255.

motion with these same arguments in the sentencing court. As Marquez is plainly not entitled to relief, the Court must dismiss the Petition.

Finally, the Court warns Marquez against filing future habeas corpus petitions that repeat these arguments, which have already been rejected by this Court and the Seventh Circuit. Review of these repetitive petitions requires significant judicial time and resources, which impedes the Court's ability to adjudicate the legitimate claims of other litigants. Marquez's failure to so refrain may result in the imposition of sanctions, including, but not limited to, summary rejection of his future filings.

## CONCLUSION

The Petition under 28 U.S.C. § 2241 for Writ of Habeas Corpus filed by Petitioner Oscar Marquez (Doc. 1) is **DISMISSED without prejudice**. The pending Motion for Status (Doc. 6) and Motion to Supplement (Doc. 7) are **DENIED as moot.** Marquez is **WARNED** against filing other duplicative petitions in this Court. The Clerk of Court is **DIRECTED** to enter judgment accordingly and close this case.

**IT IS SO ORDERED.**

**DATED:** October 24, 2024

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**